Opinion of the court delivered by
Judge Catron.
In this case the plaintiff’s declaration alleges, that defendant was indebted to him $1000 for work, labour and materials. The defendant pleads, 1st. The general issue, non assumpsit. 2ndly. That he had a judgment against the plaintiff in the Washington county court, for $1900, and prays that the same may be set off in lar of the action of the plaintiff. To the plea of set-off, the plaintiff replied, that his demand declared on, was for unliquidated damages, to which no set-oñ was allowable; and to this replication the defendant demurred.
The causé was tried on the general issue, and a verdict rendered for the plaintiff for $750, which verdict the court-set aside, and ordered a new trial.
The demurrer was then argued, and was sustained; upon sustaining the demurrer, the court gave judgment that the defendant go hence from the circuit court without day, &c. and recover his costs from the plaintiff.
The plea of set-off was in the nature of a cross action on part of the defendant against the plaintiff, upon a liquida *112 ted demand, which is admitted by the pleadings to be a true , ' and subsisting judgment.
The replication was clearly frivolous, and the demurrer correctly sustained. But the plaintiff insists, that we must go to the first fault in pleading, and then the plea of set-off will be bad, because the damages are uncertain. This is believed to be a mistake. He declares in every court for $1000, and a mutual debt could well be set off to the demand as set forth. Wherever debt or indebitatus assump-sit will lie, a set-off will be allowed.
Yet this court is of opinion, that the circuit court erred in giving j'udgment without day to the defendant, on sustaining the demurrer; the judgment should only have been that the demurrer be sustained to the plaintiff’s replication to the plea of set-off. Then the claim of the defendant was reduced to certainty, in his cross action, and ready to be applied in bar of the judgment of the plaintiff when the court was ready to give such judgment; and when was this? So soon as the jury upon the issue of non assumpsit, had ascertained, the amount due from the defendant to the plaintiff. The amount mutually due should have been reduced to a certainty, preparatory to the judgment of the law; which would have been, (had the former verdict stood,)-that the plaintiff recover from the defendant the sum of $750 by the jury assessed, which said amount is adjudged to be barred by $750 of the sum set forth in the defendant’s plea of set-off. The .mistake in this cause grew out of the opinion that the ver-diet as well as the judgment was barred by the truth of the plea of set-offbeing found tor the defendant M’Alis-ten whereas the judgment of the court for the plaintiff to have execution, is only barred by setting off a mutual liquidated demand against the amount found due by the jury from the defendant M’Alister, to the plaintiff Martin. Some of the court are inclined to believe, that upon the finding of the jury in favor of the plaintiff, upon the general issue, he will be entitled to the whole costs of the declaration on the trial of that issue. Tidd’s Pr. 613; *113 Bul.N. P. 355. But upon this point no opinion is given.
Let the judgment be reversed, and remanded for a new trial.
Judgment reversed.